UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:   1:14cr32/MW/HTC
                 1:22cv66/MW/HTC

MIKEL ALEMIN CRAIG

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion to amend the motion to vacate to raise a claim based on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022). ECF Doc. 92. Upon consideration of the motion, the Government's response in opposition, ECF Doc. 96, and Defendant's reply, ECF Doc. 98[1], the undersigned recommends the motion be DENIED because the proposed amendment is futile. Also, because the Court has already determined Defendant's other claims are untimely, ECF Docs. 90, 98, the undersigned also recommends this matter be closed and a certificate of appealability be denied.

In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because no element of the offense requires proof "the defendant used, attempted to use, or threatened to use

---

[1] Under Local Rule 7.1(I), replies are not allowed without leave of court. Nonetheless, the Court has considered the reply.

force." *Taylor,* 142 S.Ct. at 2021. Relying on *Taylor*, Defendant argues his offense conduct under 18 U.S.C. § 1591(a)[2] is also not a crime of violence that would support a career offender enhancement under section 4B1.1 of the Sentencing Guidelines.

As an initial matter, Defendant's reliance on *Taylor* is misplaced. Defendant, was not charged with an attempted Hobbs Act robbery; he was charged with, and pled guilty to, "sex trafficking of children or by force, fraud or coercion." 18 U.S.C. § 1591(a)(1)( and (b)(1); ECF Doc. 40. Also, the *Taylor* decision addresses the definition of a "crime of violence" under 18 U.S.C. 924(c), *not* the definition of a crime of violence as used in the sentencing guidelines.[3] *See* U.S.S.G. § 4B1.2.

---

[2] Defendant pleaded guilty to a single count of violating 18 U.S.C. § 1591(a)(1)( and (b)(1), which proscribes "sex trafficking of children or by force, fraud or coercion." ECF Doc. 40. The Statement of Facts reflects that Defendant used physical and non-physical means to coerce a 19-year-old female addicted to cocaine to engage in commercial sexual activity for his monetary benefit. He used physical violence and the threat of physical violence against her and provided her with cocaine which he forced her to pay for by performing sex acts for money. The statute defines coercion as meaning "threats of serious harm to or physical restraint against any person," or "a scheme, plan or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person" or "the abuse or threatened abuse of law or the legal process." 18 U.S.C. § 1591(e)(2)(A), (B) and (C). Defendant was categorized as a career offender under U.S.S.G. § 4B1.1 because the instant offense was a crime of violence under the elements clause and he had at least two prior convictions for controlled substance offenses. *See* ECF Doc. 50, PSR ¶¶ 24, 40.

[3] When the Eleventh Circuit affirmed Defendant's judgment and conviction, the court specifically held Defendant's offense conduct qualifies as a crime of violence under § 4B1.2's residual clause. *United States v. Craig*, 706 F. App'x 545, 550 (11th Cir. 2017).

Case Nos.: 1:14cr32/MW/HTC; 1:22cv66/MW/HTC

Regardless, even if *Taylor* was applicable to Defendant's sentencing, it does not apply retroactively and thus any claim based on the analysis set forth in *Taylor,* as with Defendant's other claims is untimely.

Under Federal Rule of Civil Procedure 15(a)(2), which also applies in habeas actions, courts "should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Farris v. United States*, 333 F.3d 1211, 1214 (11th Cir. 2003). The court, however, may deny leave if the amendment is futile. *See e.g., Cockrell v. Sparks*, 510 F. 3d 1307, 1310 (11th Cir. 2007) (noting that a proposed amendment is futile "when the complaint as amended would still be properly dismissed"). An amendment which is untimely would be futile. *See Rodriguez v. United* States, 286 F.3d 972, 980 (7th Cir. 2002).

Under 28 U.S.C. § 2255(f), a motion to vacate must be filed within one year of certain trigger dates. Defendant relies on the trigger date in § 2255(f)(3) - "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and *made retroactively applicable to cases on collateral review*." 28 U.S.C. § 2255(f)(3) (emphasis added). A newly recognized right applies retroactively on collateral review only in limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). "[A] court other than the Supreme Court may determine retroactivity under § 2255(f)(3)."

*Steiner v. United States*, 940 F.3d 1282, 1289 (11th Cir. 2019) (quoting *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012)).

To determine if *Taylor* applies retroactively, the Court applies the test set forth in *Teague v. Lane*, 489 U.S. 288, 301 (1989). First, the Court must determine whether *Taylor* announced a new rule. Second, the Court must "determine whether that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review." *Figuereo-Sanchez*, 678 F. 3d at 1208. The Supreme Court has identified two exceptions to this general prohibition on retroactive application of new rules on collateral review. The two exceptions are for (1) new substantive rules and (2) "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schiro*, 542 U.S. at 351-52. Substantive rules are "rules forbidding criminal punishment of certain primary conduct" as well as "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016).

As stated above, Defendant attempts to apply *Taylor* to the Sentencing Guidelines. Even assuming *Taylor* created a new rule as to the Sentencing Guidelines, the rule falls within neither *Teague* exception. The Guidelines are not substantive rules; they are a part of the procedure courts use to determine an

appropriate sentence.[4] Unlike a substantive rule, the Guidelines do not alter "the range of conduct or the class of persons that the law punishes." *Schiro*, 542 U.S. at 353. Also because the Guidelines are only advisory, any impact on the Guidelines caused by *Taylor* does not create a "watershed" rule. The "watershed" exception is extraordinarily rare, and the Supreme Court has not recognized a single post-*Teague* rule as a "watershed" exception. *Edwards v. Vannoy,* 141 S. Ct. 1547, 1555 (2021).

Therefore, based on the foregoing, Defendant's motion to amend should be denied, because Defendant's proposed amendment would be futile.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

[4] In contrast, *Taylor* would be retroactively applicable to a challenge to an ACCA or § 924(c) sentence, because in that context the case would be a new substantive rule under *Teague*. *See United States v. Welch*, 578 U.S. 120, 129 (2016) (holding that *Johnson* established a substantive rule because "[b]y striking down the residual clause as void for vagueness," it "changed the substantive reach of [ACCA], altering the range of conduct or class of persons that the Act punishes."); *Hartsfield v. United States*, ___ F. Supp. 3d ___, 2022 WL 4295979 (S. D. Fla. Sept. 19, 2022) (relying on *Taylor* to reverse a § 924(c) conviction because after *Taylor* the defendant had no predicate crime of violence).

Case Nos.: 1:14cr32/MW/HTC; 1:22cv66/MW/HTC

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1. Defendant's "Motion for Leave to Amend 28 U.S.C. § 2255 Motion …" (ECF Doc. 92) be **DENIED.**

2. A certificate of appealability be **DENIED** as to the § 2255 motion in its entirety.

Case Nos.: 1:14cr32/MW/HTC; 1:22cv66/MW/HTC

At Pensacola, Florida, this 26th day of September, 2022.

*s/ Hope Thai Cannon*
**HOPE T. CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:14cr32/MW/HTC; 1:22cv66/MW/HTC